UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUIS FERNANDO FIGUERA
ANTOIMA,

      Petitioner,

    v.                                                          Case No.:  2:26-cv-01285-SPC-NPM

WARDEN OF FLORIDA SOFT-
SIDED FACILITY SOUTH *et al.*,

      Respondents,

                                      /

## **OPINION AND ORDER**

Before the Court are Luis Fernando Figuera Antoima's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 7), and Figuera Antoima's reply (Doc. 10).  For the below reasons, the Court grants the petition.

Figuera Antoima is a native and citizen of Venezuela who entered the United States on December 18, 2021.  Border Patrol arrested him, issued a notice to appear, and released him under an order of recognizance.  The Department of Homeland Security ("DHS") did not file the notice to appear with an immigration court, so it did not commence removal proceedings.

Figuera Antoima has fully complied with all conditions of release and applied for asylum.  He had temporary protected status until April 2, 2025, and he has work authorization, steady employment, and no criminal record.  On April 14, 2026, Border Patrol arrested Figuera Antoima during a traffic

stop and transported him to Orange County Jail.  A Border Patrol agent served Figuera Antoima with a notice to appear the next day.  He is currently detained at Alligator Alcatraz without an opportunity to seek release on bond.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225.  As the respondents acknowledge, the Court rejected these arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025).  The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile.  And like the petitioners in those cases, Figuera Antoima's detention is not governed by § 1225(b)(2).  But unlike those prior cases, Figuera Antoima's arrest and detention was not authorized by § 1226 either.

§ 1226(a) states, "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."  The timing of the arrest is important.  8

C.F.R. § 1236.1(b) states, *"At the time of issuance of the notice to appear, or at any time thereafter* and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest." (emphasis added).

It makes sense. § 1226(a) authorizes detention of an alien "pending a decision on whether the alien is to be removed from the United States." A notice to appear gives the alien notice of the alleged grounds for removability and commences the removal proceeding, in which the detainee can challenge both removal and detention. An alien arrested before issuance of a notice to appear has no notice of the underlying reason for the arrest or an opportunity to challenge it.[1]

Courts in this district and elsewhere have ordered ICE to release detainees who were arrested under § 1226(a) before service of a notice to appear. *See Alejandro Arellano v. Quinones*, No. 26-cv-512-GAP-DCI (M.D. Fla. Mar. 9, 2026); *Landaverde Ardon v. Mina*, No. 6:26-cv-313-JSS-LHP, 2026 WL 530199 (M.D. Fla. Feb. 26, 2026); *Arango v. Genalo*, No. 25-cv-6720 (RER), 2025 WL 3637500 (E.D.N.Y. Dec. 16, 2025); *Gopie v. Lyons*, No. 25-cv-5229-SJB, 2025 WL 3167130 (E.D.N.Y. Nov. 13, 2025). Border Patrol's arrest of

---

[1] An immigration officer can arrest an alien without a warrant if the officer has probable cause the alien is in the United States in violation of immigration law and is likely to escape before a warrant can be obtained. *See* 8 U.S.C. § 1357(a)(2); 8 C.F.R. § 287.8(c)(2)(i), (ii). The respondents do not claim the arresting officer had the requisite probable cause here.

Figuera Antoima had no legal justification at the time it occurred, and the subsequent service of a notice to appear does not retroactively make the seizure lawful. *See Gopie*, 2025 WL 3167130, at *3 ("ICE does not have free-ranging ability to arrest and detain people, and figure out the reasons later, like they apparently did here.").

Accordingly, it is hereby

**ORDERED**:

Luis Fernando Figuera Antoima's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)    The respondents shall release Figuera Antoima from custody within 24 hours of this Order and facilitate his transportation from the facility by notifying his counsel when and where he can be collected.

(2)    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on May 5, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record

4